UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| GILBERT EDWIN | CIVIL ACTION NO. 2:18-0385 |
| VERSUS | CHIEF JUDGE S. MAURICE HICKS, JR. |
| CLEAN HARBORS ENVIRONMENTAL SERVICES INC. | MAGISTRATE JUDGE KAY |

**MEMORANDUM RULING**

Presently before the Court is Plaintiff's Motion for Reconsideration regarding the Court's previous order on the Motion for Summary Judgment. Rec. Doc. 133. The Plaintiff asks that the Court reconsider its previous ruling granting the Motion for Summary Judgment regarding Plaintiff's claims for retaliation under state law, hostile work environment, and disparate treatment. This Motion was opposed by the Defendant. Rec. Doc. 135. For the following reasons, the Motion is **DENIED.**

**I.     Procedural and Factual Background**

The Plaintiff in this case, Mr. Gilbert Edwin ("Mr. Edwin"), sued his former employer Clean Harbors Environmental Services Inc. ("Clean Harbors"), alleging claims of racial discrimination and retaliation. Rec. Doc. 42. Clean Harbors subsequently moved for summary judgment on all claims. Rec. Doc. 71. After reviewing the record, the Court initially granted summary judgment on all of Mr. Edwin's claims except for his Title VII retaliation claim. Rec. Doc. 116. Subsequently, Clean Harbors filed a Motion for Reconsideration on the Title VII retaliation claim. Rec. Doc. 122. Upon reconsideration the Court granted summary judgment on this final claim. Rec. Docs. 130-131. On the same day that the Court filed its Judgment on Clean Harbor's Motion for Reconsideration,

1

Mr. Edwin filed his Motion for Reconsideration asking the Court to reconsider the grant of summary judgment on the other claims. Rec. Doc. 133. The Court notes that Mr. Edwin is now acting *pro se*.

## II.     Legal Standard

While the Federal Rules of Civil Procedure do not explicitly recognize a motion for reconsideration, such motions are generally reviewed under Federal Rule of Civil Procedure 54(b). Rule 54(b) allows a court to "reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." Melancon v. Texaco, Inc., 659 F.2d 551, 553 (5th Cir. 1981). Generally, the Courts treat such motions in a similar fashion as Rule 59(e) motions to alter or amend the judgment, although the "standards for granting reconsideration under Rule 54(b) are somewhat looser than those under Rule 59(e)." Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp., 259 F.Supp.2d 471, 475 (M.D.La. 2002); see also HBM Interests, LLC v. Chesapeake La., *LP*, 2013 WL 3893989 at *1 (W.D.La. 2013). These types of motions are generally meant to "serve the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'" Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989) (quoting Keene Corp. v. Int'l Fidelity Insurance. Co., 561 F.Supp. 656, 665 (N.D.Ill. 1982)).

Filings of *pro se* litigants "must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). However, *pro se* litigants must still follow the same rules and meet the same legal standards. Coleman v. United States, 912 F.3d 824, 828 (5th Cir. 2019).

### III. Application

#### a. State Law Retaliation Claim under La. R.S. 23:967

In the Court's original ruling on this claim, the Court granted summary judgment as Mr. Edwin had failed to allege that Clean Harbors had violated any state law and only pointed to alleged breaches of federal law. Rec. Doc. 116 at 7-8. This Louisiana statute protects any employee "who discloses or threatens to disclose a workplace act or practice that is in violation of state law" from reprisal. La. R.S. 23:967; see also Ware v. CLECO Power, LLC, 90 F.App'x 705, 709 (5th Cir. 2004) (holding that a claim under this statute requires the plaintiff to "allege the violation of state law").

In his Motion for Reconsideration, Mr. Edwin has again failed to allege any state law that was violated. Instead, he argues that Clean Harbors retaliated against him for his EEOC report, and that Clean Harbors violated their company policies. However, neither of these activities corresponds with a violation of state law. Because Mr. Edwin has failed to point to any state law which he alleges Clean Harbors has violated, his claim cannot survive summary judgment and the Motion for Reconsideration as to the retaliation claim under La. R.S. 23:967 is **DENIED**.

#### b. Hostile Work Environment Claim

The Court originally granted summary judgment on this claim as the three key incidents of alleged harassment relied upon by the Plaintiff were untimely. Rec. Doc. 116 at 8-10. Notably, the Court never got to the merits of this claim, as none of the events originally discussed by Mr. Edwin were timely. Mr. Edwin now asks the Court to reconsider and he seeks to add three additional incidents which he claims constitute racial harassment: first, an altercation with his coworker Bryce Manuel; second, a comment by

3

a supervisor named Justin Harrington about local people not liking outsiders taking jobs; and third, a poor performance evaluation by Marcel Bienvenu. Rec. Doc. 133 at 8-9.

However, a review of the record indicates that only one of these three added incidents would be timely. As Mr. Edwin himself notes in his Motion, the altercation with Mr. Manuel was in September of 2016. Id. at 8. Additionally, the comment by Justin Harrington was alleged to have occurred shortly after Mr. Edwin began working with Clean Harbors in 2015. Rec. Doc. 92 at 19 (putting this incident with Mr. Harrington "within the first 45 days of working at" Clean Harbors). Thus, the first two incidents would also be untimely as they did not occur within 300 days of Mr. Edwin's EEOC report which was filed in December of 2017. Rec. Doc. 71-2, Exhibit 18 at CH0002; see E.E.O.C. v. WC&M Ent., 496 F.3d 393, 398 (5th Cir. 2007) (requiring filing of a charge of discrimination within 300 days).

The third incident, the performance rating completed by Mr. Bienvenu, appears to have occurred sometime in August of 2017, making this event timely. Thus, the question is whether this performance rating could itself be considered as contributing to a hostile work environment. If this event did create a hostile work environment, then the Court "may consider all of the acts" that had occurred prior. E.E.O.C. v. WC&M Ent., 496 at 398.

To establish a claim of hostile work environment, a plaintiff must demonstrate that: (1) they "belong[] to a protected group;" (2) that they were "subjected to unwelcome harassment;" (3) that the harassment was because they belonged to a protected group; (4) that the "harassment affected a term, condition, or privilege of employment;" and (5) "the victim's employer knew or should have known of the harassment and failed to take

prompt remedial action." Id. at 399.  In this present case, however, there is no factual basis that this rating was based on race in any way.  Mr. Edwin seeks to cite to two different portions of the factual record to establish that this performance evaluation contributed to a hostile work environment.  The first is from Mr. Bienvenu's deposition, which recounts statements made by Mr. Edwin claiming that he felt that the performance reviews were somehow motivated by race.  Rec. Doc. 105-1, p. 173.  However, these are hearsay statements which by themselves do not create a factual dispute as to whether the performance evaluation was a form of racial discrimination.  See Fed. R. Evid. 801(c).  Second, Mr. Edwin points to notes kept by Mr. Bienvenu.  Yet, these notes are not included in the record of this case and cannot be considered by the Court.[1]

Thus, outside of "[c]onclusory allegations and unsubstantiated assertions," which are insufficient to survive summary judgment, there is no factual basis for the Court to conclude that the performance review was somehow racially motivated, and thus contributed to a hostile work environment.  Bellard v. Gautreaux, 675 F.3d 454, 460 (5th Cir. 2012) (citing Grimes v. Tex. Dep't of Mental Health, 102 F.3d 137, 139-40 (5th Cir. 1996)).  As such, there are no incidents of harassment which occurred in a timely manner upon which Mr. Edwin's claim of a hostile work environment can survive and the Motion for Reconsideration on this claim is hereby **DENIED**.

### c. Disparate Treatment Claim

The Court had granted summary judgment on this claim because Mr. Edwin had failed to establish that he was treated less favorably than someone similarly situated.

---

[1] The Court further notes that there is no discussion of the performance review being racially motivated in Mr. Edwin's EEOC report nor in Mr. Edwin's own deposition. See Rec. Doc. 41-2, Exhibit 18 (EEOC Report) and Rec. Doc. 105-6, 144-179 (Mr. Edwin's deposition regarding the performance review).

5

Rec. Doc. 116 at 5-7. Mr. Edwin now asks the Court to reconsider its ruling that he was not similarly situated to Mr. Manuel and that he was treated disparately in his attempt to become a driver for Clean Harbors. Rec. Doc. 133 at 12-17.

In relation to Mr. Manuel, the Court discussed that that the two were not similarly situated because while Mr. Manuel and Mr. Edwin had the same job title, Mr. Manuel had been hired to perform different tasks, had different supervisors, and had more responsibility. Rec. Doc. 116 at 6. As a result, there was no factual dispute as to whether Mr. Manuel and Mr. Edwin were similarly situated, leading the Court to grant summary judgment. In his Motion for Reconsideration, Mr. Edwin has failed to point to any new factual evidence in the record to support his claim that he was similarly situated with Mr. Manuel. Rather, Mr. Edwin states his belief and opinion that he was similarly situated to Mr. Manuel. However, these assertions and conclusions, absent factual support, are insufficient to survive summary judgment.

As to the driving position, the Court initially noted that Mr. Edwin had never applied for a driving position, and thus no adverse action had even been taken. Id. at 7. As to this contention, Mr. Edwin has also failed to point to any factual evidence to show that he had applied for a job as a driver. As such, this claim cannot survive summary judgment.

Because Mr. Edwin has failed to establish any additional factual support for his contention that he was treated disparately based on his race, the Motion for Reconsideration as to his disparate treatment claim is hereby **DENIED**.

## IV.     Conclusion

As a result of the foregoing analysis, Mr. Edwin's Motion for Reconsideration (Rec. Doc. 133) is **DENIED**.  Therefore, all of Mr. Edwin's claims have been **DISMISSED WITH PREJUDICE** and the case remains closed.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, on this 3rd day of May, 2022.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT